NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GEORGE M. ALEXANDER, | : | Civil Action No. 04-3909 (FLW) |
| Petitioner, | : |  |
| v. | : | **OPINION** |
| C.J. DEROSA, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    GEORGE M. ALEXANDER, #53270
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640  Petitioner Pro Se

    IRENE E. DOWDY, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE,  United States Attorney
    402 East State Street, Room 430
    Trenton, New Jersey  08608
    Attorneys for Respondents

**WOLFSON, District Judge**

    Petitioner George M. Alexander filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pre-release placement date and the calculation of his good conduct time ("GCT").  Respondents filed an Answer, arguing inter alia, that the GCT claim should be dismissed because the Bureau of Prisons ("BOP") correctly calculated Petitioner's GCT, and that the pre-release custody claim should be dismissed as moot because BOP placed Petitioner in a community corrections center ("CCC") on October 8, 2004.  The Court will sua sponte dismiss

the entire Petition as moot because Petitioner was released from the custody of the BOP on February 4, 2005.

## I.  BACKGROUND

At the time he filed the Petition and until February 4, 2005, Petitioner was serving a federal sentence of 72 months imposed on February 4, 2000, by the United States District Court for the Northern District of Ohio.  According to the BOP, Petitioner was eligible under 18 U.S.C. § 3624(b) to receive 54 days of GCT per year, based on the time he actually served in prison. See 28 C.F.R. § 523.20.  Petitioner argued that, by calculating his GCT based on time served, as opposed to the sentence imposed, BOP was depriving him of the opportunity to earn additional GCT, to which he was statutorily entitled under 18 U.S.C. § 3624(b).  Petitioner maintains that § 3624(b) authorized him to earn 54 days for each year of the sentence imposed and that BOP erred by allowing him to earn only 54 days for each year served.  He seeks a writ of habeas corpus directing BOP to recalculate his GCT based on 54 days per year of the sentence imposed.  In addition, Petitioner challenged the BOP's failure to place him in a CCC for the last six months of his sentence.

On October 8, 2004, BOP transferred Petitioner to the Oriana Comprehensive Sanction Center CCC in Cleveland, Ohio.  On February 4, 2005, BOP released Petitioner from custody upon expiration of his sentence.

## II. DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28

2

U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because the Petition challenges the duration of Petitioner's confinement in the custody of BOP and Petitioner was in the custody of BOP at the time he filed the Petition. See Spencer v. Kemna, 523 U.S. 1 (1998). The question here is whether BOP's release of Petitioner upon expiration of his 72-month sentence of imprisonment caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution. See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired. The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot. See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison and a notation had been placed in his file stating that the transfer should have no bearing in any future determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated").

In this case, Petitioner challenges the calculation of his GCT and the date for placement in a CCC. It is undisputed that BOP released Petitioner from its custody on February 4, 2005,

upon the expiration of his term of imprisonment. When the government released Petitioner from custody the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment). Accordingly, the Court dismisses the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

                         s/Freda L. Wolfson
                         FREDA L. WOLFSON, U.S.D.J.

Dated:   May 2, 2005